## Barnes, et al. v. Scott, et al.

(Decided January 26, 1916.)

### Appeal from Ballard Circuit Court.

1. Evidence—Books of Insolvent Bank—When Copy of Competent as Evidence.—A writing filed as an exhibit with a petition and made a part thereof, which purports to contain an itemized statement of the names of all depositors of an insolvent bank and the amount due each depositor when the bank made an assignment

for the benefit of its creditors, is competent as evidence when the correctness of its items is shown by the testimony of an officer or agent of such bank and the assignee thereof, and that they were accurately made from books of the bank containing the original entries of such items, made by such officer or agent in the usual course of business; one of such books being before the witnesses when they testified and the other having been accidentally destroyed in a fire after the assignment by the bank and while it was in the custody of the assignee. If the adverse parties fail to demand of the assignee the production in court of the book of original entry not destroyed in the fire, they cannot complain of its non-production by the latter, nor did his failure to produce it in court render incompetent as evidence the copy filed with the petition, the correctness of which was established by the testimony of the officer or agent of the bank and its assignee.

2. Banks and Banking—Equitable Action—Rights of all Parties Thereto Should be Adjusted.—In an action by the depositors of an insolvent bank to subject its stockholders to the liability for their claims imposed by section 547, Ky. Statutes, two of the latter, who had paid to a depositor what was due it from the bank and received an assignment of the claim so paid, were entitled to recover of the other stockholders, ratably, the amount so paid by them, respectively. The failure of the two stockholders mentioned to formally style their answers cross-petitions against the other stockholders, did not affect their right to recover against them, as the averments of each of the answers were such as to make them, in effect, cross-petitions. The action being in equity and all the depositors and stockholders parties and before the court, it was the duty of the court in determining the rights of the depositors and stockholders, to fix the liability of the latter as to each claim properly presented and entitled to be paid.

W. T. WHITE and J. B. WICKLIFFE for appellants.

HAL S. CORBETT for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming in part and reversing in part.

The Farmers' Bank of Wickliffe, after conducting the banking business from 1902 to 1908, made a deed of assignment to the appellant, J. B. Wickliffe, conveying to him as trustee for the benefit of its creditors, all its property of whatsoever kind. Its capital stock was fifteen thousand dollars, in shares of one hundred dollars each, all subscribed and paid for. Under the deed of assignment thus made, Wickliffe, the trustee, by a sale of the property and effects of the bank and the collection of such debts and demands as were due it and

collectible, realized a sum sufficient in amount to pay each of the depositors of the bank forty-two per cent. of his or her claim.

In December, 1911, this action was instituted in the Ballard circuit court by Mrs. A. D. Barnes and five others, named in the petition, former depositors and creditors of the Farmers' Bank of Wickliffe, suing for themselves and all other creditors of the bank, against G. T. Scott, J. B. Wickliffe, J. A. Rich, D. P. Newman, Mrs. L. M. Turner, J. H. Tharp, N. H. Pace and B. F. Burton, stockholders in the bank at the time of the execution of the deed of assignment, seeking to make them liable to the depositors of the bank "to the extent of the amount of their stock at par value, in addition to the amount of such stock," as provided by section 547, Kentucky Statutes. As amended, the petition set forth the amount due each depositor of the Farmers' Bank of Wickliffe at the time of the execution of the deed of assignment, the amount paid each of them by the bank's assignee out of the assets realized, and the balance yet due each of them; also the amount of stock held in the bank by each of the defendants and the amount for which each is liable under the statute thereon, and further alleged that four other named stockholders in the bank were not sued because of their insolvency.

The defendants, J. B. Wickliffe and J. A. Rich, filed separate answers to the petition in which, without denying their liability to the plaintiffs as stockholders, they alleged that the Farmers' Bank of Frankfort had on deposit with the Farmers' Bank of Wickliffe at the time of the execution of the deed of assignment by the latter, $7,000.00, with accrued interest, upon which it was paid by the assignee in distributing the assets of the Farmers' Bank of Wickliffe, $2,200.00, which left of the debt $5,153.96, of which amount Wickliffe paid $2,577.54 and Rich $2,576.42, and upon making these payments that the Farmers' Bank of Frankfort assigned to Wickliffe its claim to the amount so paid by him and to Rich the amount thereof so paid by him, which made each the owner of the claim to the extent of what was paid by him thereon. They further alleged that if the payments thus made by them to the Farmers' Bank of Frankfort did not have the legal effect to release them from further liability as stockholders of the Farmers' Bank of Wickliffe, they were entitled, by reason of the assignment

from the Farmers' Bank of Frankfort to them, and by subrogation, to recover ratably with the plaintiffs, against G. T. Scott and other stockholders sued with them as defendants, the amount of their claims, respectively.

The defendants, Tharp, Pace and Burton, failed to answer the petition, but separate answers were filed by Scott, Mrs. Turner and D. P. Newman, each of which specifically denied every allegation of the petition as amended, except the fact that they were stockholders in the bank at the time of the execution by it of the deed of assignment, and that each owned the amount of stock set forth in the petition; but denied any liability on their part to the plaintiffs or other creditors by reason of their ownership of stock therein, or otherwise. In addition the answer of G. T. Scott alleged that at the time of execution of the deed of assignment by the Farmers' Bank of Wickliffe he had on deposit therein $7,500.00, and that, if the court should determine that he was liable in any sum to the plaintiffs, he should be credited thereon with whatever pro rata amount might be found to be due him upon his deposit of $7,500.00. The plaintiffs filed replies controverting the affirmative matter contained in the answers of Scott, Newman and Turner. After filing of his answer D. P. Newman died in Ballard county, intestate, and the action was thereafter duly revived against his administrators.

The only evidence found in the record was furnished by the depositions of J. B. Wickliffe, B. F. Burton and Mrs. M. E. Hawes. The only thing testified to by Mrs. Hawes was that at the time of the failure of the Farmers' Bank of Wickliffe she had therein a time deposit of $600.00 and a deposit subject to check of $200.00. The testimony of J. B. Wickliffe shows his relation to the bank as assignee and formerly a director and stockholder; that upon the execution of the deed of assignment to him by the Farmers' Bank of Wickliffe, he took possession of all the books of the bank. He produced and identified a book which he said was one of original entry, containing a true list of the names of the depositors of the bank and the amount of the deposit of each depositor subject to check, from which he had made an exact copy, and this copy he had furnished the plaintiffs, who had filed same with their amended petition as an exhibit. This book was also identified by B. F. Burton,

the former cashier, who likewise testified that it was a book of original entry and to the correctness of the entries therein, which were made by him, and also as to the correctness of the copy made by Wickliffe and filed with plaintiffs' amended petition. Wickliffe further testified that there was also turned over to him when he became assignee of the bank, a book containing a list of time deposits and the owners thereof, from which he had also made an accurate copy, later filed with plaintiffs' amended petition as an exhibit. This book, he said, had been destroyed in a fire shortly after the assignment, for which reason he was unable to produce it, and Burton testified to the correctness of the entries contained in the time deposit book at the time it was delivered by him to Wickliffe following the execution of the deed of assignment from the bank to the latter, and that the entries therein were made by him. Exceptions were filed by the defendants, Scott, Turner and the administrators of D. P. Newman, to the depositions of J. B. Wickliffe and B. F. Burton, and these exceptions were sustained by the circuit court.

Upon the submission of the case the circuit court, a special judge presiding, adjudged that of the several plaintiffs suing, only Mrs. M. E. Hawes was entitled to recover anything of G. T. Scott, Mrs. L. M. Turner and the administrators of the estate of D. P. Newman, hence the petition in so far as the defendants' names were concerned, was dismissed except as to the claim of Mrs. M. E. Hawes, who was given judgment against them and all the other stockholders in the Farmers' Bank of Wickliffe, including J. B. Wickliffe and J. A. Rich, for the sum of $183.08, with interest from December 8, 1911, severally and ratably, in the proportion that they owned the capital stock of the bank. That is to say, judgment went in her favor against J. B. Wickliffe for $27.64; J. A. Rich, $23.03; G. T. Scott, $46.06; Mrs. L. M. Turner, $18.42; J. H. Tharp, $2.30; N. H. Pace, $2.30; B. F. Burton, $40.30; T. T. Newman, Thomas Newman and D. E. Burrow, administrators of the estate of D. P. Newman, $23.03; and also against them ratably for her costs expended in the action.

After thus disposing of the claim of Mrs. Hawes, the judgment proceeds as follows:

"It appearing to the satisfaction of the court that none of the defendants have answered herein except

Scott and Newman and Mrs. Turner, nor in any manner contested the claims of creditors, and it appearing that the unpaid claims of creditors, excepting Mrs. Hawes, not contested by the other defendants amount to $8,318.47, and it further appearing that the defendants, except Scott, Newman and Mrs. Turner, own stock as follows: J. B. Wickliffe, $1,200.00; J. A. Rich, $1,000.00; N. H. Pace, $100.00; J. H. Tharp, $100.00; B. F. Burton, $1,750.00; it is adjudged that the plaintiffs, the creditors, recover of said Wickliffe, Rich, Pace, Tharp and Burton such sums each as will equal their pro rata proportion of the total capital stock of the bank, to-wit: J. B. Wickliffe, $665.40; J. A. Rich, $554.50; N. H. Pace, $55.45; J. H. Tharp, $55.45; B. F. Burton, $970.32, together with interest from December 8, 1911.

"It is further adjudged that J. B. Wickliffe having paid $2,577.54 on claims of the Frankfort Bank he is allowed to offset ratably the pro rata due on said part of said claim against the $665.40 and the $27.64 adjudged against him. And J. A. Rich has paid $2,576.47 on said Frankfort Bank claim, he will offset ratably, against the $554.50 and the $23.03 judgment against him the pro rata due on that part of said claim paid by him."

The judgment closes with a direction to the master commissioner to collect the amounts adjudged and pay the same under future orders of the court, and awards execution against all the defendants who may fail to pay the amounts adjudged against them, respectively. From that judgment the defendants, J. B. Wickliffe and J. A. Rich, and all the plaintiffs except Mrs. M. E. Hawes, prosecute this appeal.

We have failed to find in the record any legal reason for the action of the circuit court exempting the appellees, Scott, Mrs. Turner, and the administrators of D. P. Newman, from the liability to the creditors of the Farmers' Bank of Wickliffe, imposed upon them by the statute as stockholders thereof. The reason assigned by the brief of counsel is that the immunity granted them was authorized because their answers denied the debts of the appellants and there was no competent evidence introduced to prove them. This argument assumes the correctness of the ruling of the court in sustaining the exceptions filed by appellees to the depositions of Wickliffe and Burton. This assumption is not justified by the law or facts. The depositions of both Wickliffe and

Burton fully prove the claims of the plaintiffs, as they show that the statement filed with the petition correctly sets forth the name of each depositor, the amount of his or her deposit at the time of the execution of the deed of assignment from the bank to Wickliffe; and that the statement is a correct copy made from the books of original entry of the bank containing the names of all depositors, the amount deposited by and the balance due each of them. The book containing the deposits subject to check was present when the depositions of Wickliffe and Burton were taken, and it was fully identified by each of them. The correctness of the entries contained in the book was testified to by Burton, who made them, and the testimony of Wickliffe showed that all the entries in the book were there when it came to his hands at the date of the assignment and that same at the time of giving his deposition were as they appeared when the book came into his hands. It is true the book of original entry containing the time deposits was not before them, but its absence was accounted for by Wickliffe, who testified that it had been destroyed by fire, but that the entries contained in the statement filed with the petition were correctly made from the book; and the correctness of the original entries as found in the time deposit book when it went into the hands of Wickliffe was established by the testimony of Burton, and neither of the witnesses is contradicted by any other evidence appearing in the case. These being the facts, the copy of the items, correctly made from the books showing the deposits, filed with the petition, was competent as evidence. Appellees might have demanded the production in court of the book containing the entries of deposits subject to check and the names of the owners thereof, but such demand was not made and the loss of the book containing entries of the time deposits, made competent as evidence the itemized statement correctly made therefrom, filed with the petition. Civil Code, section 606, subsection 6, Poe v. Robinson, 13 Bush, 29; Walden v. Citizens' Bank, 19 R., 1393.

As there was sufficient proof of the correctness of the appellant depositors' claims, and those of Wickliffe and Rich as to the amounts paid by them, respectively, to the Farmers' Bank of Frankfort, judgment should have gone ratably against the appellees, Scott, Mrs. Turner and the administrators of Newman, as against the other

stockholders named in the judgment, for the amounts thereof, respectively, allowing each of them to set off ratably against the such amounts whatever pro rata may be found to be due them or any of them as depositors for money they may have had on deposit in the bank at the time of the execution of the deed of assignment.

It is argued by appellees' counsel that Wickliffe and Rich could not have been allowed to recover ratably against appellees the amounts paid by them, respectively, to the Farmers' Bank of Frankfort, as the answer of neither of them was made a cross-petition against appellees. Under other circumstances there would be much force in this contention, but as in this case all the depositors and stockholders of the bank were before the court, it was the duty of the court, in determining the rights of the parties and the liabilities of the stockholders, to fix their liability as to each claim properly presented for payment; and besides while the answers of Wickliffe and Rich were not entitled cross-petitions against the other stockholders, the averments of each were such as to make them so in effect.

For the reasons indicated, the judgment, in so far as it dismissed the petition as to Scott, Mrs. Turner and the administrators of Newman, is reversed, and cause remanded for further proceedings and the entering of such a judgment by the circuit court as will conform to the opinion.